UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                      Criminal Action No. 3:13-CR-170

DAHNTEL NEWSOME                                                                            Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Dahntel Newsome ("Newsome") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and appointment of counsel; however, he now moves to withdraw these motions because he did not exhaust his administrative remedies. [DE 486, DE 487; DE 491, DE 497]. He is also potentially eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) for retroactive application of Part A of Amendment 821 of the Federal Sentencing Guidelines. [DE 490]. For the reasons below, the Court will **GRANT** Newsome's motions to withdraw [DE 491, DE 497] his motion for compassionate release and motion for appointment of counsel [DE 486, DE 487] and will **GRANT** Newsome a sentence reduction under 18 U.S.C. § 3582(c)(2) as set forth below.

**I.      BACKGROUND**

On September 8, 2015, Newsome pleaded guilty to Counts 1, 3, 5 and 6 of the superseding indictment pursuant to a plea agreement. On December 9, 2015, Newsome was sentenced to a total sentence of 243 months (159 months as to Counts 1, 3, and 5 and 84 months consecutive as to Count 6 as required by statute). [DE 171, DE 490 at 4747]. The Court accepted the binding plea agreement as presented by the parties and noted an upward departure above the top end of the

original guideline range was warranted pursuant to Section 5K2.21 to reflect the seriousness of the dismissed conduct from Counts 2 and 4 of the Superseding Indictment. [*Id.*].

## II. ANALYSIS

On April 27, 2023, the United States Sentencing Commission ("USSC") submitted to Congress Amendment 821, which became effective November 1, 2023. Part A of Amendment 821 limits the overall criminal history impact of "status points" (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence) at §4A1.1. Consistent with Amendment 821 and §4A1.1(d), Newsome is eligible for a reduction in status points, resulting in a recalculated three criminal history points— Criminal History Category II. [DE 490 at 4747].

Deciding a motion for retroactive application of Amendment 821 under 18 U.S.C. § 3582(c)(2) requires two steps. First, the Court determines whether the defendant is eligible for relief under the amendment, and then it must consider whether reducing the sentence is supported by the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)).

The Court directed the United States to respond to whether and to what extent Newsome should be granted a sentence reduction. [DE 490 at 4747]. The United States agrees that Newsome is eligible for a sentence reduction of seven-months, resulting in a sentence of 236 months (152 months as to Counts 1, 3, and 5, and 84 months consecutive as to Count 6 as required by statute). [DE 493 at 4854; *see* U.S.S.G. § 1B1.10(b)(2)(A)]. It contends, however, that the sentencing factors of § 3553(a) do not support the seven-month reduction because of Newsome's "dangerousness." [DE 493 at 4854]. Specifically, the United States points out a single specific infraction during his incarceration where he was disciplined for "interfering with a security

2

device," namely "defeat[ing] cell door lock." [DE 493 at 4857]. The United States asserts that such an infraction "shows that Newsome intentionally tried to deceive corrections officers by making it appear as if he was more secure than he was. Newsome could leave his cell when officer's least expected it, to do anything. It also shows that he was willing to destroy one of the main protections the public and the security guards have against dangerous conduct from criminals . . ." [DE 493 at 4855]. The United States further asserts that "Newsome is also a danger to the community based on his prior criminal conduct," specifically the fact that Newsome was convicted of several armed robberies, including one where he "pulled a gun on a clerk and threatened to shoot her if she did not comply." [*Id.* (citing DE 166)].

Newsome agrees that he is entitled to the seven-months reduction. Newsome further responds that the disciplinary record cited by the United States "provides no narrative regarding the alleged conduct involved, but simply states 'defeated cell door lock.' This information lacks any context whatsoever, and is wholly insufficient to rely upon . . ." [DE 494 at 4859].

As mentioned above, even if a reduction is authorized under § 1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Dillon*, 560 U.S. at 826. "[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). While the District Court must consider "all [of] the . . . factors," it has "discretion [to] plac[e] more 'weight on one factor' because the particular facts in [a] case warrant[ ] doing so." *United States v. Adkins*, 729 F.3d 559, 572 (6th Cir. 2013) (citation omitted). "While a district court need not explicitly . . . recite a list of [the § 3553(a)] factors, it must provide a reasoned explanation for its choice of sentence [that is] sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

The Supreme Court has determined that courts may consider post-sentencing conduct in assessing the § 3553(a) factors when considering whether to adjust a previously imposed sentence. *Pepper v. United States*, 562 U.S. 476, 487–93, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011). Here, the district court is permitted to consider Newsome's post-conviction conduct, which includes his behavior in prison. Even though the record provided does not disclose a significant amount of information regarding the infraction, the information is obviously known to Newsome as the record reveals that he admitted the allegations and participated in a hearing. [DE 493 at 4857]. Thus, the district court may consider Newsome's disciplinary sanction record in making its determination, as part of its § 3553 analysis. *United States v. Osborne*, 860 F. App'x 77, 80 (6th Cir. 2021). However, this is not the only factor on which this Court places weight.

The Court reviewed the record as a whole and independently weighed the sentencing factors in § 3553(a). The binding plea agreement accepting the high end of the Guidelines was agreed on by the Court and parties based on the dismissed conduct. [DE 173, Judgment and Commitment]. The adjusted sentence called for under Amendment 821 reflects the new, seven month lower high-end, guideline range.[1] The adjusted sentence remains consistent with the factors considered at the time of sentencing, continues to reflect the seriousness of the offence, avoids disparity, provides just punishment, and promotes respect for the law.

### III. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Defendant Newsome's custodial sentence is **REDUCED** to a term

---

[1] The Court notes that under §4A1.1(a)-(c), Newsome received three criminal history points. [DE 490 at 4747]. The remaining two points he received were "status points" under §4A1.1(d) and (e). [*Id.*] Those "status points" moved Newsome to the higher Criminal History Category.

4

of 236 months (152 months as to Counts 1, 3, and 5, and 84 months consecutive as to Count 6 as required by statute). All other aspects of the original sentence remain in place. An Amended Judgment (AO form 247) will be entered contemporaneously with this Memorandum Order.

**IT IS FURTHER ORDERED** that Defendant's Motions to Withdraw [DE 491, DE 497] are **GRANTED** and the Motion for Compassionate Release [DE 486] and Motion for Appointment of Counsel [DE 487] are **WITHDRAWN**.

Rebecca Grady Jennings, District Judge
United States District Court

August 13, 2024